# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

J. C. HIGGINBOTHAM                                         PETITIONER

v.                                                                     No. 1:13CV207-GHD-JMV

STATE OF MISSISSIPPI, ET AL.                             RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of J. C. Higginbotham for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2), and Higginbotham has responded. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

### Facts and Procedural Posture

J.C. Higginbotham, is in the custody the Mississippi Department of Corrections and is currently housed at the South Mississippi Correctional Institution in Leakesville, Mississippi. On May 1, 2009, Higginbotham pled guilty to one count of Capital Murder in the Circuit Court of Winston County, Mississippi. On December 1, 2009, he was sentenced to serve life in the custody of the Mississippi Department of Corrections (MDOC). By statute, there is no direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. Higginbotham then filed a Motion for Post-conviction Relief in the Winston County Circuit Court on November 22, 2011 (signed on November 10, 2011). On January 12, 2013, the circuit court denied the motion. Higginbotham appealed the decision to the Mississippi Supreme Court, and on February 26, 2013, the Mississippi Court of Appeals affirmed. *Higginbotham v. State*, 122 So.3d 1205 (Miss.Ct.App. 2013) *reh'g denied*, Juny 23, 2013, cert. denied, Oct. 10, 2013 (Case No. 2012–CP–00204–COA).

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

As Mississippi law has no provision to appeal from a guilty plea, Higginbotham's judgment became final on December 1, 20009, the date he was sentenced. *See Roberts v. Cockrell*, 319 2 F.3d 690 (5th Cir. 2003). The deadline for Higginbotham to seek federal *habeas corpus* relief thus became December 1, 2010, one year after his conviction became final. Higginbotham sought state post-conviction collateral relief on November 22, 2011 (signed on November 10, 2011), but the application was filed after the federal *habeas corpus* deadline expired. As such, Higginbotham does not benefit from statutory tolling of the federal limitations period. In addition, he filed a previous

federal petition for a writ of *habeas corpus* on December 8, 2010 in this court (Case No. 1:11CV64-SA-DAS. That petition was dismissed on April 21, 2011, for failure to exhaust state court remedies. However, the filing of a federal petition for a writ of *habeas corpus* does not toll the one-year statute of limitations. *See Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 2129 (2001); *see also Grooms v. Johnson*, 208 F.3d 488 (5th Cir. 1999); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999).

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson*, 184 F.3d 398, 401, *reh'g and reh'g en banc denied*, 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on October 17, 2013, and the date it was received and stamped as "filed" in the district court on October 21, 2013. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 1,051 days after the December 1, 2010, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999). The instant petition will thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 18 day of June, 2014.

/s/ [signature]
SENIOR JUDGE

- 3 -