IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

J. C. HIGGINBOTHAM                                                    PETITIONER

v.                                                        No. 1:13CV207-GHD-JMV

STATE OF MISSISSIPPI, ET AL.                                        RESPONDENTS

ORDER *DENYING* PETITIONER'S MOTION [26]
FOR RELIEF FROM JUDGMENT OR ORDER,
*DISMISSING* AS MOOT PETITIONER'S MOTION [27]
TO PROCEED *IN FORMA PAUPERIS*

This matter comes before the court on the petitioner's motion for reconsideration of the court's final judgment dismissing the instant petition for a writ of *habeas corpus* as untimely filed under 28 U.S.C. § 2244(d). The petitioner argues that the court's dismissal of the petition was inconsistent with the court's ruling in a previous *habeas corpus* petition. He also argues that the court misapplied the statutory tolling provisions of 28 U.S.C. § 2244(d)(2). As discussed below, neither of these arguments is sufficient to sustain a motion for relief from judgment or order under Fed. R. Civ. P. 60.

The court interprets the motion, using the liberal standard for *pro se* litigants set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), as a motion for relief from a judgment or order under FED. R. CIV. P. 60. An order granting relief under Rule 60(b) must be based upon: (1) clerical mistakes, (2) mistake, inadvertence, surprise, or excusable neglect, (3) newly discovered evidence, (4) fraud or other misconduct of an adverse party, (5) a void judgment, or (6) any other reason justifying relief from the operation of the order. To prevail on a motion under Rule 60(d), a petitioner must show that he was not personally notified of the action – or that a party perpetrated

fraud upon the court.[1]

The petitioner has neither asserted nor proven any of the specific justifications for relief from an order permitted under Rule 60(b)(1) through 60(b)(5). In addition, the petitioner has not presented "any other reason justifying relief from the operation" of the judgment under Rule 60(b)(6). Further, the petitioner clearly was aware of the action, as he initiated it, and he has not alleged that a party perpetrated a fraud upon the court. Thus, the petitioner has not fulfilled the requirements to sustain a motion under Rule 60(d).

For these reasons, the petitioner's request for reconsideration under Fed. R. Civ. P. 60(b) an 60(d) is **DENIED.** In addition, as the petitioner is already proceeding as a pauper in this case, the pending motion [27] to proceed *in forma pauperis* is **DISMISSED** as moot.

**SO ORDERED**, this, the 23rd day of February, 2017.

_____
SENIOR JUDGE

---

[1] Rule 60(d) also empowers the court to entertain a separate action "to relieve a party from a judgment, order, or proceeding . . . ."